IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARL VANDERVALL,

    Plaintiff,                        No. CIV S-09-1576 DAD P

    vs.

J. FELTNER, et al.,

    Defendants.                    <u>AMENDED ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On December 18, 2009, defendants moved to dismiss plaintiff's original complaint. Plaintiff has since filed an opposition to the motion, and defendants have subsequently filed a reply. However, for the reasons explained below, the court will order defendants to file supplemental briefing in connection with their motion.

        In their motion to dismiss, defendants argue that plaintiff's claims are barred by the favorable termination rule. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Defendants argue that plaintiff's claims necessarily imply the invalidity of a rules violation report, which assessed a sixty-day loss of behavior credits against plaintiff. In this regard, defendants argue that plaintiff must first reverse the rules violation report or otherwise expunge it before proceeding with a civil rights action pursuant to § 1983.

In his opposition, plaintiff contends that this action is not barred by Heck's favorable termination rule because the loss of credits did not affect the overall length of his sentence. See Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) ("[T]he favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement."). Plaintiff explains that as a prisoner convicted of second degree murder, he is unable to accrue time credits under California law. See Cal. Penal Code § 2933.2. Therefore, plaintiff argues that the loss of credits imposed as a result of the disputed rules violation report is immaterial in his case and should not bar this civil rights action.

Defendants have not responded to plaintiff's argument in their reply. See Tucker v. Monroe, No. 2:06-cv-58, 2007 WL 839993, at *1 (W.D. Mich. Mar. 15, 2007) (rejecting a Heck bar argument where the plaintiff asserted "that he is serving a parolable life sentence for second degree murder and is not eligible to earn good time or disciplinary credits"). Accordingly, IT IS HEREBY ORDERED that defendants file a supplemental brief, within twenty-eight days of the date of this order, explaining: (1) whether plaintiff may accrue time credits under California law; and (2) what affect the loss of time credits has on the overall length of plaintiff's sentence.

DATED: May 19, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
vand1576.supp(2)